UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUSS MEHL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BP ENERGY COMPANY, et al.,<br><br>    Defendants. | Case No. 23-1192-DDC-ADM |
| PJ STONEBERGER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BP ENERGY COMPANY, et al.,<br><br>    Defendants. | Case No. 23-1195-DDC-ADM |
| DAVID J. REBEIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BP CANADA ENERGY MARKETING CORP., et al.,<br><br>    Defendants. | Case No. 23-1245-DDC-ADM |
| ELI DEUTSCHER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TENASKA MARKETING VENTURES, et al.,<br><br>    Defendants. | Case No. 23-1249-DDC-ADM |

| | |
|---|---|
| STATE OF KANSAS, *ex rel.,*<br>KRIS W. KOBACH, Attorney General,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MACQUARIE ENERGY LLC,<br><br>　　　　　Defendant. | Case No. 23-4116-DDC-ADM |

## ORDER TO SHOW CAUSE

On December 5, 2023, the court entered an Order to Show Cause in the first four cases captioned above, directing any party that wishes to be heard on the issue of Rule 42(a)(2) consolidation to respond with its position. The parties have begun to respond, although the time for all parties to respond has not yet passed.

On December 13, the last case captioned above, *Kansas v. Macquarie Energy LLC*, was filed. *Kansas,* like the other four cases, arises from an alleged spike in the price of natural gas during Winter Storm Uri. *Kansas* is different from the earlier-filed cases, however, in that the plaintiff State of Kansas brings claims under the Commodities Exchange Act and the Kansas False Claims Act, whereas the other plaintiffs bring claims under the Kansas Consumer Protection Act. Nevertheless, there appears to be significant factual overlap in the cases regarding how Macquarie Energy LLC ("Macquarie") acted during the storm and the alleged detriment of those actions to Kansas consumers. Macquarie is a defendant in all five cases.

The court is interested in hearing the parties' thoughts on whether *Kansas* should be included in any consolidated action involving the first four cases—and if so, whether for all purposes or for discovery only. Thus, the court extends its December 5 Order to Show Cause on consolidation to the newly filed *Kansas* case. The response deadlines remain largely the same:

Parties that had entered an appearance by December 5 must file their responses by **December 22, 2023**; parties who had not appeared by that date must file any response within **7 days after first appearing or 21 days after being served** (or agreeing to waive or accept service of) the summons and complaint, whichever is earliest. The court extends the page limit for the briefs to 4 pages. Reply briefs are not contemplated.

Parties that have already filed responses to the first order to show cause may also file a response to this order to show cause directed to the issue of the extent to which the *Kansas* case should be consolidated with the first four cases. Any such response must be filed by **January 4, 2024**. Any such response briefs are limited to 2 pages. Reply briefs are not contemplated.

As in the first four cases, Macquarie's deadline to file any motion to dismiss in *Kansas* is held in abeyance until the court issues a ruling on the matter of consolidation. At that time, the court will set a status conference to discuss motions to dismiss, including the possibility of a consolidated motion to dismiss. Macquarie may, if it wishes, file a motion to extend its answer deadline to align with the motion-to-dismiss deadline.

**IT IS SO ORDERED.**

Dated December 20, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

3