IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, *ex rel.*, <br> KRIS W. KOBACH, Attorney General, <br><br> Plaintiff, <br><br> v. <br><br> MACQUARIE ENERGY LLC, <br><br> Defendant. | Civil Action No.: 5:23-cv-4116 |

**PLAINTIFF STATE OF KANSAS, *ex rel.*, KRIS W. KOBACH'S RESPONSE TO THE JANUARY 23RD ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE CONSOLIDATED**

On January 23, 2024, this Court entered an Order directing the parties of this case and five class actions brought by private citizens against several significant participants in the oil and gas industry under the Kansas Consumer Protection Act (K.S.A. § 50-623 *et seq.*)[1] to show cause why all six cases should not be consolidated. The State of Kansas (the State) filed its response to the previous Order on January 4, 2024. *See* ECF No. 9. The State still believes that consolidating this case with the Class Action Cases under Federal Rule 42 is not only premature but also inappropriate.[2] As explained more fully in the State's previous response, consolidation is inappropriate because consolidation will not serve the judicial economy since the actions are more different than they are alike.

First, consolidation is premature until the defendants in the cases answer. The process

---

[1] These cases are *Mehl et al v. BP Energy Company et al*, Case No. 6:23-cv-01192-DDC-ADM; *Stoneberger et al v. BP Energy Company et al*, Case No. 6:23-cv-01195-DDC-ADM; *Rebein et al v. BP Canada Energy Marketing Corp et al*, Case No. 6:23-cv-01245-DDC-ADM; *Deutscher et al v. Tenaska Marketing Ventures et al*, Case No. 6:23-cv-01249-DDC-ADM, and *Rice et al v. Southwest Energy L.P. et al.*, Case No. 6:24-cv-1005-DDC-ADM. The State will refer to these cases as the Class Action Cases.

[2] Since the original response, the plaintiff in the Class Action Cases filed an additional case. This new case does not change the State's analysis and it continues to take no position on whether the Class Action Cases should be consolidated amongst themselves.

1

leading to the defendants' answers will inform the Court and the parties about the claims and parties in the case going forward. Without that critical information, consolidation is premature. Also, the differences between this case and the Class Action Cases indicate that inefficiencies would result from consolidation. While all the cases concern Winter Storm Uri, the State's case largely focuses on the impact one participant—Macquarie—had on the gas market. *See* ECF No. 1. The Class Action Cases rely on a different consumer protection theory. Based on the significant differences in defendants between this case and the Class Action Cases alone, the scope of this case will be different than the Class Action Cases and involve different transactions. Since the State responded to the previous Order to show cause, plaintiffs in the Class Action Cases filed amended complaints, added new parties, and even filed an additional class action. This activity reinforces the State's conclusion that it may take significant time to proceed through the motion to dismiss and class certification stages. The State should not be forced to wait to proceed with its claims while these cases are organized.

Because the parties differ, the claims are substantially different, this case is not a class action, and no efficiencies would be gained by consolidation, this Court should not consolidate this case with the Class Action Cases under Federal Rule 42.

Respectfully submitted,

**KRIS W. KOBACH**
**KANSAS ATTORNEY GENERAL**

**Frances R. Oleen, KS #17433**
**Deputy Attorney General**

**Melanie Jack, KS #13213**
**First Assistant Attorney General**
Public Protection Division
120 S.W. 10th Avenue, Second Floor
Topeka, Kansas 66612-1597
Phone (785) 296-3751
Fax (785) 291-3699
fran.oleen@ag.ks.gov
melanie.jack@ag.ks.gov

and

By: /s/ *Jonathan Musch*
Jonathan Musch, D. Kan. No. 79075
             MO #55200
Special Assistant Attorney General
Hilgers Graben PLLC
6 Cardinal Way, Suite 900
St. Louis, MO 63102
Phone (314) 464-3391
Fax (402) 413-1880
jmusch@hilgersgraben.com

and

Alice S. LaCour, *pro hac vice*
Special Assistant Attorney General
Grant Schmidt, *pro hac vice forthcoming*

Hilgers Graben PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230
Phone (203) 807-4813
alacour@hilgersgraben.com
gschmidt@hilgersgraben.com

## Certificate of Service

  I hereby certify that a true copy of the foregoing was served by electronic notice via the Court's ECF system on all counsel of record on: January 31, 2024.

           /s/ *Jonathan Musch*
           Jonathan Musch