## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, *ex rel*.,
KRIS W. KOBACH, Attorney General,

                Plaintiff,

     v.

MACQUARIE ENERGY LLC,

             Defendant.

Civil Action No.: 5:23-cv-4116

### RENEWED JOINT MOTION TO AMEND THE SCHEDULING ORDER

COMES NOW Plaintiff State of Kansas, *ex rel.* Kris W. Kobach, Attorney General (the State), and Defendant Macquarie Energy LLC, by and through their undersigned counsel of record, and for their renewed[1] joint motion to amend the Scheduling Order, states as follows:

1. On June 21, 2024, the Court issued a Scheduling Order and directed the parties to proceed with discovery. ECF No. 39. Shortly before the Court issued the Scheduling Order, the parties began briefing on Macquarie's motion to dismiss. ECF No. 34, 40, and 50. The parties completed briefing of Macquarie's motion on August 1, 2024. That motion remains pending.

2. Since the Court's discovery conference, the parties have proceeded with orderly written discovery. The parties initially negotiated an ESI Order and a Protective Order. These orders were crafted to align with this Court's class action coordinated action to minimize compliance burden and avoid error. The parties then engaged in multiple rounds of written discovery. Responding to this discovery, the parties collectively produced well over one hundred thousand pages of documentation.

---

[1] The Court denied the parties' first Joint Motion to Amend the Scheduling Order on November 20, 2024. See ECF No. 60. This Motion seeks to address the deficiencies identified by the Court in ECF No. 60 (directing the parties to address good cause for the amendment).

3.      These discovery requests implicate, for example, Macquarie's business records related to trading during Winter Storm Uri and the State's investigation into trading practices by Macquarie (and third parties) during that same Winter Storm. The State initiated investigations of dozens of market participants after Winter Storm and many market participants produced documents or written responses to the State, frequently under individually negotiated confidentiality agreements. Following discovery requests that implicated those documents, the State worked with those third parties to reach agreements with those parties, permitting the production of the confidential investigative files in this litigation by agreement. This reduced the need for third-party discovery and avoided motion practice on these issues. This effort has taken some time and may require the parties to continue to coordinate discovery with third parties in the future. The parties' document productions include gas trading data, invoices, agreements, pipeline performance information, and profitability data. The parties continue to review the third-party productions; additional follow-up may be necessary.

4.      To aid the parties' orderly discovery efforts, the parties request an extension to the Court's deadlines as set forth below:

| SUMMARY OF DEADLINES AND SETTINGS | | |
|---|---|---|
| Event | Deadline/Setting | Proposed Amended Deadline/Setting |
| Substantial completion of document production | **October 25, 2024** | **January 31, 2025** |
| Completion of fact discovery | **December 2, 2024** | **March 18, 2025** |
| Experts disclosed by party with the burden of proof | **January 22, 2025** | **May 8, 2025** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** | |
| Rebuttal experts disclosed | **March 5, 2025** | **June 17, 2025** |

| SUMMARY OF DEADLINES AND SETTINGS | | |
|---|---|---|
| Event | Deadline/Setting | Proposed Amended Deadline/Setting |
| All discovery (including experts) completed | **March 28, 2025** | **July 14, 2025** |
| Proposed pretrial order due | **April 7, 2025** | **July 22, 2025** |
| Plaintiff's settlement proposal | **April 11, 2025** | **July 25, 2025** |
| Pretrial conference | **April 17, 2025, at 10:00 a.m.** | **TBD** |
| Defendant's settlement counter-proposal | **April 25, 2025** | **August 8, 2025** |
| Potentially dispositive motions (e.g., summary judgment) | **May 7, 2025** | **August 21, 2025** |
| Motions challenging admissibility of expert testimony | **May 7, 2025** | **August 21, 2025** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **May 9, 2025** | **September 8, 2025** |
| Mediation completed | **May 23, 2025** | **September 22, 2025** |
| Trial — ETT 7 days | **January 6, 2026, at 9:00 a.m.** | |

5.      A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of this showing is on the parties' diligence. *Wheeler v. Bd. of Dirs. of Sterling Free Pub. Libr.*, No. 23-2401-EFM-ADM, 2024 U.S. Dist. LEXIS 72709, at *5 (D. Kan. Apr. 22, 2024). The above summary demonstrates that the parties have diligently and cooperatively moved forward in discovery to minimize disputes and preserve judicial resources. The proposed extension will permit the parties to complete the remaining fact discovery in an orderly manner. In particular, the parties are still in the middle of receiving and reviewing third-party discovery; in light of the volume of document discovery to date, the document discovery that is still in process, the need to digest this document discovery before

beginning depositions, and the intervening holidays, the additional fact discovery time is warranted. Further, the currently pending motion to dismiss may impact discovery.

6.     This schedule does not contemplate changing the current trial setting in January 2026.

7.     The Court has not previously extended any of these deadlines, and the parties do not seek the extension for delay. No party will be prejudiced by the extension of these deadlines.

For the foregoing reasons, the parties respectfully request that the Court amend the Scheduling Order to reflect the parties' proposed amended deadlines.

Date: November 22, 2024                    Respectfully submitted,

**DENTONS**                                          **KRIS W. KOBACH**
                                                     **KANSAS ATTORNEY GENERAL**

**By: _/s/ Stephen R. McAllister_**                  **Frances R. Oleen, KS #17433**
Stephen R. McAllister, #15845                          **Deputy Attorney General**
Megan M. Carroll, #29084                             **Melanie Jack, KS #13213**
4520 Main Street, Suite 1100                           **First Assistant Attorney General**
Kansas City, Missouri 64111                          Public Protection Division
stephen.mcallister@dentons.com                       120 S.W. 10th Avenue, Second Floor
megan.carroll@dentons.com                            Topeka, Kansas 66612-1597
                                                     Phone (785) 296-3751
and                                                  Fax (785) 291-3699
                                                     fran.oleen@ag.ks.gov
Michael Yuffee (*pro hac vice*)                      melanie.jack@ag.ks.gov
Baker Botts LLP
700 K Street, NW                                     and
Washington, DC 20001
michael.yuffee@bakerbotts.com                        **By: _/s/ Jonathan Musch_**
                                                     Jonathan Musch, D. Kan. No. 79075
and                                                                  MO #55200
                                                     Special Assistant Attorney General
William R.H. Merrill (*pro hac vice*)                Hilgers Graben PLLC
Alexandra Foulkes Grafton (*pro hac vice*)           6 Cardinal Way, Suite 900
Susman Godfrey L.L.P.                                St. Louis, MO 63102
1000 Louisiana, Suite 5100                           Phone (314) 464-3391
Houston, TX 77002                                    Fax (402) 413-1880
bmerrill@susmangodfrey.com                           jmusch@hilgersgraben.com

and

Beatrice C Franklin *(pro hac vice)*
Susman Godfrey L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10025
bfranklin@susmangodfrey.com
*Counsel for Macquarie Energy LLC*

and

Alice S. LaCour, *pro hac vice*
Special Assistant Attorney General
 Hilgers Graben PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230
Phone (203) 807-4813
alacour@hilgersgraben.com
*Counsel for State of Kansas, ex. Rel. Kris Kobach, Attorney General*

## Certificate of Service

I hereby certify that a true copy of the foregoing was served by electronic notice via the Court's ECF system on all counsel of record on November 22, 2024.

/s/ *Jonathan Musch*
Jonathan Musch