IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS, *ex rel.*<br>KRIS W. KOBACH, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>MACQUARIE ENERGY LLC,<br><br>Defendant. | Case No. 23-4116-DDC-ADM |

## AMENDED SCHEDULING ORDER

This matter comes before the court on the parties' Joint Motion to Amend the Scheduling Order. (ECF 62.) By way of this motion, the parties seek an approximately 100-day extension of the remaining scheduling-order deadlines and settings, including the deadlines to complete fact and expert discovery and to submit the proposed pretrial order, the pretrial conference setting, and the deadline to file dispositive motions.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019). The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed. *Id.* at 988. Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party. *Id.* at 989. However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a

finding of good cause. *Id.* The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

The court is not persuaded that the parties have been diligent in attempting to meet the current scheduling-order deadlines. In setting the original schedule, the court gave the parties nine months to complete discovery, which is much longer than the typical discovery period. The parties state that third-party discovery has been time consuming, but the anticipation of such discovery was accounted for in the original, extended schedule. That said, there is latitude in the current schedule to adjust fact-discovery deadlines. Therefore, the court grants the motion in part. The deadline for substantial completion of document production is extended to **January 31, 2025**, and the deadline for the close of fact discovery is extended to **March 18, 2025**. The motion is otherwise denied.

Although the court will not extend expert-discovery deadlines, the parties are free to adjust those deadlines by agreement, so long as they do not interfere with the deadline for motions challenging the admissibility of expert testimony, preparing the pretrial order, briefing on dispositive motions, or other pretrial preparations.

Finally, the court wishes to correct the parties' understanding about how schedule adjustments impact trial settings. The parties state that their proposed extended schedule "does not contemplate changing the current trial setting." (ECF 62, at 4.) But in this district, district judges set trial dates based on the dispositive-motion deadline, with the various district judges requiring different windows of time between the dispositive-motion deadline and the trial date. Thus, any extension of the dispositive motion deadline results in a tandem extension of the trial date. To keep the January 6, 2026 trial date in this case, the court will not extend the deadline for

2

3

submitting the proposed pretrial order, the pretrial conference setting, or the deadline to file dispositive motions.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Amend the Scheduling Order (ECF 62) is granted in part and denied in part, as set forth above.

Dated November 26, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
